**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000369
24-JAN-2013
08:23 AM**

NO. CAAP-11-0000369

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JEFFREY JOSEPH PLAUCHE,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
ELISA WATKINS PLAUCHE,
Defendant/Counterclaim-Plaintiff/Appellee.


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 10-1-0070)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

On May 2, 2011 Plaintiff/Counterclaim-Defendant/
Appellant Jeffrey Plauche (Plauche) sought to appeal from the
February 9, 2011 Judgment Granting Divorce (February 9, 2011
Judgment) entered by the Family Court of the Second Circuit
(family court).[1]

In an order dated August 25, 2011, this court granted
in part and denied in part Defendant/Counterclaim-Plaintiff/
Appellee Elisa Watkins Plauche's (Elisa) motion to dismiss appeal
for lack of jurisdiction. We determined that this court lacks
jurisdiction to review the February 9, 2011 Judgment, but has
jurisdiction to the extent that Plauche seeks review of an

---

[1] The Honorable Keith E. Tanaka presided.

April 13, 2011 order denying Plauche's March 23, 2011[2] post-judgment motion pursuant to Hawai'i Family Court Rules (HFCR) Rule 60(b) to set aside the February 9, 2011 judgment (April 13, 2011 Order).

Plauche raises the following points of error on appeal:

(1) the family court abused its discretion by failing to distribute the marital estate in a fair and equitable manner, and specifically by awarding Plauche securities in a Mexican corporation;

(2) the family court abused its discretion by failing to give its reasoning or rationale in its February 9, 2011 Judgment;

(3) the family court abused its discretion by not requiring Elisa to file her financial statements in a timely manner and by failing to require Elisa to file her pre-trial statement and settlement conference statement;

(4) the February 9, 2011 Judgment was contrary to an October 18, 2010 minute order by the family court, which stated that "[n]o agreement made as to Category three division value and equalization payment, all other issues settled[,]" and the family court ignored an agreement made by the parties as to the division of property; and

(5) both the family court and Elisa violated HFCR Rule 95[3] when they failed to send, within two days, a copy of the February 9, 2011 Judgment to Plauche despite a statement by the court that it would send Plauche a copy of the judgment; the family court further made the false statement that "the parties believe the division of their personal property to be fair and equitable"; and the February 9, 2011 Judgment improperly stated

_____

[2] While the family court file-stamped this document on March 24, 2011, the effective date of this document is March 23, 2011, the date on which the family court received the document. See Doe v. Doe, 98 Hawai'i 144, 151, 44 P.3d 1085, 1092 (2002).

[3] Plauche appears to be referring to HFCR Rule 97.

the unpaid balance owed to Plauche's sister as $58,000 instead of $75,000, and recited an equalization payment of $54,513 without any reasoning or justification.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, we resolve Plauche's appeal as follows.

Pursuant to this court's August 25, 2011 Order, we exercise jurisdiction over Plauche's appeal only to the extent that he seeks review of the family court's April 13, 2011 order denying Plauche's Rule 60(b) motion. We address Plauche's arguments to the extent that they relate to HFCR Rule 60(b)(3) and/or Rule 60(b)(6), the only provisions of HFCR Rule 60(b) cited in Plauche's amended opening brief. The standard of review for the grant or denial of a HFCR Rule 60(b)(3) or 60(b)(6) motion is abuse of discretion. See Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 139, 254 P.3d 439, 450 (2011); Moyle v. Y & Y Hyup Shin, Corp., 118 Hawai'i 385, 402-03, 191 P.3d 1062, 1079-80 (2008); De Mello v. De Mello, 3 Haw. App. 165, 169, 646 P.2d 409, 412 (1982).

HFCR Rule 60(b)(3) and (6) state:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceedings was entered or taken. . . .

Given that HFCR Rule 60(b)(3) is similar to Rule 60(b)(3) of the Hawai'i Rules of Civil Procedure (HRCP) and Rule 60(b)(3) of the Federal Rules of Civil Procedure (FRCP), "the movant must, (1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other

misconduct [, and] (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense." Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997) (citations omitted).

With respect to HFCR Rule 60(b)(6), it is similar to HRCP Rule 60(b)(6) and thus the movant is required to "assert[] some ground for relief other than those specifically stated in clauses (b)(1) through (b)(5)." Child Support Enforcement Agency v. Doe, 98 Hawai'i 499, 504, 51 P.3d 366, 371 (2002) (citation omitted). Further, the rule "provides for extraordinary relief and is only invoked upon a showing of exceptional circumstances." Isemoto Contracting Co. v. Andrade, 1 Haw. App. 202, 205, 616 P.2d 1022, 1025 (1980) (citations omitted).

The only discernable argument that Plauche makes in his amended opening brief that relates to HFCR Rule 60(b)(3) or (6) is his contention that the family court and Elisa both violated HFCR Rule 97[4] by not serving him, within two days, with a copy of the February 9, 2011 Judgment. With regard to this argument, we conclude that the family court did not abuse its discretion in denying Plauche's HFCR Rule 60(b) motion.

HFCR Rule 97 provides that:

> Within 2 days after a judgment or order is filed in any case, the attorney preparing the same shall mail or deliver two certified copies of the judgment or order and two copies of any agreements of the parties referred to therein to the attorney for the other party in case such party is represented by an attorney, or shall mail or deliver a certified copy of the judgment or order and a copy of such agreement to the other party at the other party's last known address if the other party is not represented by an attorney. Proof of mailing or delivery of the certified copies of the judgment or order within the 2-day period to the attorney for the other party or to the party shall be made to the court forthwith. Failure to comply with this rule may be considered as grounds for relief from the judgment under Rule 60(b)(3) or 60(b)(6).

(Emphasis added).

_____

[4] As noted above, Plauche cites to HFCR 95 but appears to be referring to HFCR Rule 97.

4

In his March 23, 2011 HFCR Rule 60(b) motion, Plauche claimed that contrary to the family court's statements to him, he did not receive a copy of the February 9, 2011 Judgment from the court, that he had to obtain a copy of the judgment by going back to the courthouse, and "was not able to obtain a copy of this Order under approximately 30 days after the Judge had filed his Order." In response to Plauche's allegations that he did not timely receive a copy of the judgment, Elisa submitted an exhibit that she claimed was the original envelope in which her attorney mailed Plauche a copy of the judgment, postmarked February 10, 2011. According to Elisa's declaration, she shared the marital residence with Plauche at the time, and saw the envelope after Plauche apparently had opened it. Elisa's declaration further stated that:

> I also overheard [Plauche] about three weeks later, complaining that supposedly he was never mailed the decree, that he only learned that it was filed when he went to the court and obtained a copy. At that point, I saved the envelope that he had opened, postmarked February 10, 2011. The original is attached as Exhibit A. I called my attorney to ask for the deadline within which Jeffrey had to file an appeal (March 14) and remembered thinking that I only had to wait another week. He had to have gone to court about March 9, 2011 to get an additional copy.

Elisa's counsel, Joy Yanagida, also submitted a declaration that she had caused a certified copy of the February 9, 2011 Judgment to be mailed to Plauche on February 10, 2011.

Based on the evidence in the record, the family court did not abuse its discretion in denying Plauche's Rule 60(b) motion. Although there was conflicting evidence, under HFCR Rule 60(b)(3), Plauche had the burden to prove that Elisa or her counsel failed to comply with HFCR Rule 97 by clear and convincing evidence, which he failed to do. Moreover, under HFCR Rule 60(b)(6), Plauche did not make a showing of "exceptional circumstances." See Isemoto Contracting Co., 1 Haw. App. at 205, 616 P.2d at 1025.

Therefore, IT IS HEREBY ORDERED THAT the family court's April 13, 2011 post-judgment order denying Plauche's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment is affirmed.

DATED:  Honolulu, Hawai'i, January 24, 2013.

On the briefs:

Jeffrey Plauche
Plaintiff-Appellant Pro Se

Joy Mademba-Sy Yanagida
Jean-Claude Mademba-Sy
(Yanagida & Associates)
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge